IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SURFSIDE JAPANESE AUTO PARTS AND SERVICE,<br>      Plaintiff,<br><br>v.<br><br>(1) BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY,<br>      Defendant. | §<br>§<br>§<br>§<br>§   Case No.: 18-cv-487-TCK-FHM<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)[1], Plaintiff files this First Amended Complaint against Berkshire Hathaway Homestate Insurance Company and would show:

### PARTIES

1. Plaintiff, Surfside, is an Oklahoma Corporation doing business in Tulsa County, Oklahoma.

2. Defendant, BHHIC, is a Nebraska Corporation, doing business in Oklahoma. The present controversy arises out of BHHIC's activities which were directed at Plaintiff in Tulsa County, Oklahoma. Defendant was served through the Oklahoma Secretary of State and may be served by mail through its registered agent for casualty claims in Oklahoma, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159-7653 and has appeared.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 18 U.S.C. §1332.

4. Venue is proper in the Northern District of Oklahoma, Tulsa Division, as the

---

[1] Plaintiff files its First Amended Complaint within 21 days of Defendant's Motion to Dismiss under Federal Rule 12(b) filed on September 27, 2018 (DE #13).

commercial property at issue is located in the division and the insurance policy was signed in the division.

## FACTUAL BACKGROUND

5. Plaintiff and Defendant entered into a contract to insure the real and personal property located at 6247 E. 15th Street, Tulsa, Oklahoma 74112 from casualty loss. The contract was identified as policy number 02PRM030729-01. The contract was in effect from August 15, 2016 to August 15, 2017.

6. On or about May 11, 2017, during the policy period, the property sustained a casualty loss as the result of a hailstorm, a covered loss. Plaintiff timely notified Defendant of the loss on July 6, 2017. Plaintiff then submitted estimates for the damage from third-parties to facilitate payment of the claim, in the amount of $79,251.56.

7. On October 20, 2017, Defendant sent a letter denying coverage for the hail damage claimed by Plaintiff. The sole basis for the denial was the opinion of an engineer retained by Defendant which "concluded the hail damage that damaged the roof was likely from 4/23/11 or earlier." Thus, Defendant claims the hail damage occurred outside the policy period and denied coverage for the claim.

8. Upon information and belief, Defendant turned over all claims handling responsibilities to its retained third-party engineer and later solely relied upon the engineer's findings to support the denial in violation of its non-delegable duty of good faith and fair dealing. Moreover, Defendant's engineer ignored relevant weather data showing numerous hailstorms during the coverage period with hail sufficient in size and wind sufficient in speed to cause the damage at issue, which would have made this loss covered under the Policy.

9. Defendant knowingly refused to provide a copy of the engineering report to the insured and its representatives, misleading the insured about the information contained therein and the insurer's obligations under Oklahoma law with regard to disclosing relevant information applicable to the claim and to coverage under the Plaintiff's policy. Plaintiff has been required to bring suit just to obtain the information obtained by Defendant in investigating the claim, as Defendant has failed and refused to disclose the results of its investigation.

10. Defendant's refusal to pay the claim in full amounts to a breach of contract and a violation of its non-delegable duty of good faith and fair dealing.

## CAUSES OF ACTION

### COUNT I – Breach of Contract

11. Plaintiff incorporates the allegations contained in Paragraphs 4-10 as if set forth herein. Plaintiff and Defendant entered into a contract. Plaintiff fully performed all obligations under the Contract. Defendant failed and refused to perform under the Contract including, (1) failing to perform a proper investigation of the claimed loss; and (2) failing to indemnify Plaintiff for casualty losses. Plaintiff was damaged by Defendant's breach.

12. As a direct result of Defendant's breach of contract, Plaintiff has been damaged in an amount in excess of $75,000.00.

### COUNT II – Bad Faith

13. Plaintiff incorporates the allegations contained in Paragraphs 4-12 as if set forth herein. Defendant's conduct constitutes bad faith and intentional conduct, including:

    a. Failing to fully disclose to Plaintiff, a first party claimant, benefits, coverages, or other provisions of any insurance policy or insurance contract when such benefits, coverages or other provisions are pertinent to the claim;

b. Knowingly misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverage at issue;

c. Failing to adopt and implement reasonable standards for prompt investigations of claims arising under the insurance policies or insurance contracts;

d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and,

e. Compelling, without just cause, Plaintiff to institute suit to recover amounts due under its insurance policies or insurance contracts by offering substantially less than the reasonable amount to repair the damages covered under Plaintiff's policy.

14. Further, Defendant failed to:

a. Promptly provide (within 30 days) necessary claims forms, instruction, and reasonable assistance so that Plaintiff could comply with policy conditions;

b. Promptly provide (within 45 days) acceptance or denial of the claim; and,

c. Promptly complete the investigation (within 60 days) after notification of the loss.

15. Claimant was entitled to coverage under the insurance policy at issue. Defendant had no reasonable basis for denying coverage for Plaintiff's claim of hail damage. Defendant relied upon fraudulent and negligent engineering reports - which it refuses to produce to Plaintiff, its insured – in denying Plaintiff's claim for hail damage. Defendant did not deal fairly and in good faith with Plaintiff as exemplified by its reliance upon an inadequate investigation; and the insurer's violation of its duty of good faith and fair dealing was the direct cause of Plaintiff's injury.

16. At the time Plaintiff made its claim, the facts of the loss and the coverages available to Plaintiff made it indisputable it was owed policy benefits under coverages set forth in the subject policy. Defendant failed to undertake a fair, unbiased, thorough investigation of Plaintiff's property and its claim of damages. Upon information and belief, Defendant predetermined that Plaintiff's claim should be denied. Defendant suborned its engineer to issue a report supporting Defendant's predetermined denial of Plaintiff's claim. Policy benefits rightfully due to Plaintiff have not been fairly, timely, adequately, or equitably paid. The manner in which Defendant handled Plaintiff's claim was in violation of the Defendant's duty of good faith and fair dealing to the Plaintiff. Upon information and belief, Plaintiff alleges it is the corporate goal of the Defendant to increase their profits by reducing, delaying, or avoiding the payment of claims.

17. Upon information and belief, Plaintiff further alleges that the actions of Defendant during the handling of this claim were not isolated events, but rather were consistent with approved company-wide practices or policies which reward and encourage the systematic reduction, delay, or avoidance of the payment of covered claims.

18. Plaintiff further alleges upon information and belief that, in furtherance of these company-wide practices or policies, Defendant: (a) trains its employees in a manner that is designed to reduce, delay, or avoid payment of claims; (b) set goals for its employees that are designed to reduce, delay, or avoid payment of claims; (c) measure results and reward the performance of employees who reduce, delay, or avoid payment of claims; (d) put in place executive compensation plans to provide incentives to executives to arbitrarily reduce claim payments in order to earn bonuses in the form of cash, stock, and stock options.

19. As a direct result of the bad-faith conduct of the Defendant, Plaintiff has been damaged in an amount in excess of $75,000.00.

20. Defendant's intentional failure to comply with its obligations caused damages to Plaintiff. Defendant is liable for punitive damages under 23 OKLA §9.1.

## JURY DEMAND

21. **Jury Demand.** Plaintiff requests a trial jury.

## PRAYER

22. Plaintiff prays that Defendant be cited to appear and that upon hearing, Plaintiff be granted judgment in an amount in excess of $75,000.00 for the following:

   a. Compensatory damages;

   b. Punitive damages;

   c. Pre-judgment and post-judgment interest;

   d. Attorney's fees; and,

   e. Any other relief to which Plaintiff is entitled in law or in equity.

Respectfully submitted,

/s/ Ryan L. Dean
RYAN L. DEAN
Oklahoma State Bar No. 21151
JUSTIN D. MEEK
Oklahoma State Bar No. 21294
**DEWITT PARUOLO & MEEK**
P. O. Box 138800
Oklahoma City, Oklahoma 73113
(405) 705-3600 – Telephone
(405) 705-2573 – Fax
jmeek@46Legal.com
rdean@46Legal.com

and

        BENJAMIN D. DOYLE
Oklahoma State Bar No: 33346
*(Admitted Pro Hac Vice)*
J. DAREN BROWN
Oklahoma State Bar No: 30799
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
1800 S. Washington, Suite 307
Amarillo, TX 79102
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com

**COUNSEL FOR PLAINTIFF SURFSIDE JAPANESE AUTO PARTS AND SERVICE**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of October 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Wayne Brewer
**Attorneys for Defendant, Berkshire Hathaway Homestate Insurance Company**

      /s/ Ryan L. Dean
      Ryan L. Dean