# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

SURFSIDE JAPANESE AUTO )
PARTS AND SERVICE, )
)
      Plaintiff, )
)
v. ) Case No. 18-CV-487-TCK-FHM
)
BERKSHIRE HATHAWAY HOMESTATE )
INSURANCE COMPANY, )
)
      Defendant. )

## OPINION AND ORDER

Before the court is the Motion to Dismiss Count II of Plaintiff's Amended Complaint filed by defendant, Berkshire Hathaway Homestate Insurance Company. Doc. 30. In its motion, defendant seeks dismissal of plaintiff Surfside Japanese Auto Parts and Service's bad faith claim. Plaintiff opposes the motion.

**I. Allegations of the First Amended Complaint**

The First Amended Complaint alleges that the parties entered into a contract to insure real and personal property located at 6247 E. 15th Street in Tulsa from casualty lost, effective from August 15, 2016, to August 15, 2017. Doc. 18, ¶5. On or about May 11, 2017, the property sustained a casualty loss as the result of a hailstorm—a covered loss. *Id.*, ¶6. Plaintiff submitted estimates for damage from third parties to facilitate payment of the claim in the amount of $79,251.56. *Id.*

On October 20, 2017, defendant sent a letter denying coverage of the claim. *Id.*, ¶7. The sole basis for the denial was the opinion of an engineer retained by defendant which "concluded

the hail damage that damaged the roof was likely from 4/23/11 or earlier." *Id.* Thus, defendant claimed the hail damage occurred outside the policy period and denied coverage for the claim. *Id.*

The First Amended Complaint alleges that, upon information and belief, defendant "turned over all claims handling responsibilities to its retained third-party engineer and later solely relied upon the engineer's findings to support the denial in violation of its non-delegable duty of good faith and fair dealing," and "[d]efendant's engineer ignored relevant weather data showing numerous hailstorms during the coverage period with hail sufficient in size and wind sufficient in speed to cause the damage at issue, which would have made this loss covered under the Policy." *Id.*, ¶8. Furthermore, "[d]efendant knowingly refused to provide a copy of the engineering report to the insured and its representatives, misleading the insured about the information therein and the insurer's obligations under Oklahoma law with regard to disclosing relevant information applicable to the claim and to coverage under the Plaintiff's policy." *Id.*, ¶9. Plaintiff alleges that "defendant's refusal to pay the claim in full amounts to a breach of contract and a violation of its non-delegable duty of good faith and fair dealing." *Id.*, ¶10.

Plaintiff asserts claims for breach of contract and bad faith, and seeks compensatory and punitive damages, interest and attorney's fees. With respect to the bad faith claim, the Complaint alleges that Defendant:

- Failed to fully disclose to Plaintiff "benefits, coverages, or other provisions of any insurance policy or insurance contract when such benefits, coverages or other provisions are pertinent to the claim;"

- Knowingly misrepresented to Plaintiff pertinent facts or policy provisions relating to coverage at issue;

- Failed to adopt and implement reasonable standards for prompt investigations of claims arising under the insurance policies or insurance contracts;

- Did not attempt in good faith the effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and

- Without just cause, compelled Plaintiff to institute suit to recover amounts due under its insurance policies or insurance contracts by offering substantially less than the reasonable amount to repair the damages covered under Plaintiff's policy;

- Failed to promptly provide (within 30 days) necessary claims forms, instruction, and reasonable assistance so that Plaintiff could comply with policy conditions;

- Failed to promptly provide (within 45 days) acceptance or denial of the claim; and

- Failed to promptly complete the investigation (within 60 days) after notification of the loss.

*Id.*, ¶¶13-14.[1]

Plaintiff alleges it was entitled to coverage under the insurance policy; Defendant had no reasonable basis for denying the claim, but relying upon "fraudulent and negligent engineering reports—which it refuses to produce to Plaintiff, its insured—in denying Plaintiff's claim for hail damages." *Id.*, ¶15. Berkshire "did not deal fairly and in good faith with Plaintiff as exemplified by its reliance upon an inadequate investigation; and the insurer's violation of its duty of good faith and fair dealing was the direct cause of Plaintiff's injury." *Id.* At the time Plaintiff made its claim, the facts of the loss and the coverage available made it indisputable it was owed policy benefits under coverages set forth in the policy. *Id.*, ¶16.

The Complaint also alleges that Defendant failed to undertake a fair, unbiased, thorough investigation of Plaintiff's property and its claim of damages. *Id.* Upon information and belief, Defendant predetermined that Plaintiff's claim should be denied" and "suborned its engineer to issue a report supporting Defendant's predetermined denial of Plaintiff's claim." *Id.* The Complaint alleges that "[p]olicy benefits rightfully due to Plaintiff have not been fairly, timely, adequately, or equitably paid," and "[t]he manner in which Defendant handled Plaintiff's claim

---

[1] These allegations are a *verbatim* recitation of the language of the Oklahoma Insurance Code, 36 O.S. §1250.5, subsections 1-4 and 13. Accordingly, the Court, in its analysis of Defendant's motion, accords them no weight.

was in violation of the Defendant's duty of good faith and fair dealing to the Plaintiff." *Id.* Plaintiff alleges that, "[u]pon information and belief . . . it is the corporate goal of the Defendant to increase their profits by reducing, delaying, or avoiding the payment of claims." *Id.*

Plaintiff alleges, upon information and belief, "that the actions of Defendant during the handling of this claim were not isolated events, but rather were consistent with approved company-wide practices or policies which reward and encourage the systematic reduction, delay, or avoidance of the payment of covered claims. *Id.*, ¶17. The Complaint alleges "upon information and belief that, in furtherance of these company-wide practices or policies, Defendant: (a) trains its employees in a manner that is designed to reduce, delay, or avoid payment of claims; (b) set goals for its employees that are designed to reduce, delay, or avoid payment of claims; (c) measure results and reward the performance of employees who reduce, delay, or avoid payment of claims; (d) put in place executive compensation plans to provide incentives to executives to arbitrarily reduce claim payments in order to earn bonuses in the form of cash, stock and stock options." *Id.*, ¶18.

Plaintiff seeks actual damages in excess of $75,000 and punitive damages. *Id.*, ¶¶19-20.

**II. Applicable Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) ha a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

## III. Analysis

Defendant argues Plaintiff's bad faith claim fails as a matter of law, as it is based on "nothing more than formulaic conclusions and is devoid of any facts that support a bad faith claim." Doc. 30 at 1.

In Oklahoma, tort liability for breach of the implied covenant of good faith and fair dealing requires "a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 905 (Okla. 1977). "The essence of the tort is failing to promptly pay a claim 'unless the insurer has a reasonable belief that the claim is legally or factually insufficient.'" *Toppins v. Minnesota Life Ins. Co.*, 460 Fed. Appx. 768, 771 (10th Cir. 2012) (unpublished) (quoting *Buzzard v. Farmers Ins Co.*, 824 P.2d 1105, 1109 (Okla. 1991)).

As detailed above, the Amended Complaint alleges, *inter alia*, that the Defendant's denial of coverage was based on "fraudulent and negligent engineering reports;" and that it failed to

promptly provide Plaintiff with claim forms and assistance, promptly investigate and promptly provide acceptance or denial of the claim. These allegations, taken as true, suffice to state a claim for bad faith denial of insurance benefits.

## IV. Conclusion

Defendant's Motion to Dismiss Count II of Plaintiff's Claim (Doc. 30) is hereby denied. ENTERED this 27th day of June, 2019.

_____
TERENCE C. KERN
United States District Judge