IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SURFSIDE JAPANESE AUTO PARTS )
AND SERVICE, )
 )
      Plaintiff, )
 )
v. )
 ) Case No. 18-CV-487-TCK-FHM
BERKSHIRE HATHAWAY )
HOMESTATE INSURANCE COMPANY, )
 )
      Defendant, )

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment filed by Defendant Berkshire Hathaway Homestate Insurance Company ("BHHIC") Doc. 40. Plaintiff Surfside Japanese Auto Parts and Service ("Surfside") opposes the motion. Doc. 49.

**I. Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant' claim, "but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exit, without more, is not sufficient to overcome convincing presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

## II. Material Facts

Plaintiff is insured under BHHIC Commercial Property Insurance Policy No. 01PRM30729-01 (the "Policy"), effective from August 15, 2016 to August 15, 2017 (the "Policy Period"). Doc. 41, Ex. A, p. 4. The Policy provides coverage for direct physical loss of or damage to covered property during the Policy Period, subject to all terms, conditions, limitations and exclusions set forth in the Policy. *Id.*, p. 27.

Plaintiff owns an automobile repair facility located at 6247 E. 15th Street, Tulsa, Oklahoma 74112. *Id.*, Ex. B, Murphy Dep., 5:22-25, 7:9-12. The building has three metal roof sections: a south section built in 1959, a middle section built in 1984 and a north section built in 1989. Doc. 49, Ex. A, Parrish Affid., ¶ 6. Plaintiff claims that a hail storm damaged its metal roofs in April

or May of 2017. Doc. 2-2, Petition, ¶ 6. According to Plaintiff's retained expert witness, Kelly Parker, hail stones must be at least .75 inches in size to damage a metal roof. Doc. 41, Ex. C, Parker Dep., 36:18-20.

In July of 2017, roofing contractor George Parrish of 4Star General Contracting was working on roofs on properties "about a half mile or a little less" from Surfside when he approached its owner, Gary Murphy, unsolicited and offered to inspect the property. Doc. 41, Ex. E., Parrish Dep., 30:25-31:3, 36:19-2. Parrish observed hail damage on the roof and told Murphy that, based on a weather report, the hail damage was recent. *Id.*, 38:1-12; 39:21-40:10; Ex. B, Murphy Dep., 22:13-24.

Plaintiff presented its insurance claim for the hail damage on July 7, 2017. Doc. 41, Ex. N, Boswell Dep.:23:23-25. BHHIC retained independent adjuster Steve Dudash, who inspected the property on July 10, 2017, and did not observe spatter marks suggesting recent damage. *Id.*, Ex. O, Dudash Dep., 32:12-23; 52:5-10.

BHHIC then retained consulting engineer Robert Chynoweth, who inspected the roof on August 24, 2017, and concluded that non-functional hail damage was observed to the metal U- and R-panel roof panels of the building, but the damage occurred as a result of a hail storm which occurred on April 23, 2011, or earlier storms. *Id.*, Ex. P. Chynoweth's opinions regarding the age of roof surface damage were based on the fact that the largest hail spatter marks were a half-inch in size, indicating that no hail of sufficient size to damage a metal roof had fallen recently. *Id.*, Ex. P, p. 21l.

Relying on Chynoweth's conclusions, BHHIC denied Plaintiff's insurance claim for the roof surface on the basis that the hail damage did not occur during the policy period. *Id.*, Ex. Q.

Owner Gary Murphy testified that he does not recall hail falling on the property in April or May of 2017, nor did he remember the last time he had been on the property's roof prior to May, 2017. Ex. B, Murphy Dep., 17:47, 19:2-6. He had no idea if the damages at issue occurred during or prior to the Policy Period. *Id.*, 29:6-25.

Parrish testified that hail must be .75 to 1.25 inch in size to cause damage to a metal roof *Id.*, Ex. E, 75:9-13. Likewise, Plaintiff's retained expert, Parker, testified that hail must be at least .75 inches in size to damage a metal roof. *Id.*, Ex. C, Parker Dep., 36:18-21.

Both Parrish and Plaintiff's retained expert, Parker, have opined that the damage to Plaintiff's roof occurred during the covered period. Ex. B, Parrish Dep. 38:7-12; 39:21-40:10.; Ex. H, Parker Report, pp. 1-5. However, in its Opinion and Order of October 25, 2019, the Court granted BHHIC's Motions to Exclude Date of Loss Opinions by both witnesses. Doc. 82.

## III. Analysis

"The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state." *Houston Gen. Ins. Co. v. Am. Fence Co., Inc.*, 115 F.3d 805, 806 (10th Cir. 1997) (applying Oklahoma insurance law). Under Oklahoma law, the insured bears the burden of showing that a loss is covered under the policy. *See U.S. Fid. And Guar. Co. v. Briscoe*, 239 P.2d 754, 756 (Okla. 1952); *Pitman v. Blue Cross & Blue Shield of Oklahoma*, 217 F.3d 1291, 1298 (10th Cir. 2000). Accordingly, "summary judgment in favor of the insurer is proper when the undisputed facts show that the insured has failed to establish a covered claim under its insurance policy." *Boggs v. Great N. Ins. Co.*, 659 F. Supp.23d 1199, 1204-05 (N.D. Okla. 2009). *See also Pitman v. Blue Cross and Blue Shield of Oklahoma*, 217 F.3d 1291, 1298 (10th Cir. 2000) ("A basic rule of insurance law provides that the insured has the burden of showing that a covered loss has occurred . . .").

The principal issue in this case is whether hail damage to Surfside's roof occurred during the covered period of August 15, 2016, to August 15, 2017. Surfside's only potential eyewitness, Murphy, testified he does not recall hail falling at the property in April or May of 2017. In light of his testimony, BHHIC is entitled to summary judgment unless the date of loss can be established through other competent testimony.

Both Surfside's designated expert witness, Parker, and roofing contractor, Parrish, have opined that the damage occurred in April or May of 2017. However, in its Opinion and Order of 25, 2019, the Court granted BHHIC's Motions to Exclude Date of Loss Opinions of Kelly Parker and George Parrish because the weather reports they consulted in formulating their date-of-loss opinions were unreliable. Doc. 82.

Accordingly, Surfside cannot meet its burden to establish the loss occurred during the covered period.

## IV. Conclusion

For the foregoing reasons, BHHIC's Motion for Summary Judgment [Doc. 40] is granted.

ENTERED THIS 25th day of October, 2019.

_____
TERENCE C. KERN
United States District Judge